IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                            RESPONDENT

v.                              No. 1:11-cr-40037 (020) - SOH/BAB

ALVIN WEEKLY                                                                              MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1275)[1] filed herein by **ALVIN WEEKLY**, (hereinafter referred to as "Weekly") an inmate confined at the Memphis Federal Correctional Institution, Memphis, Tennessee. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 1286. Weekly replied to the Government's Response. ECF No. 1292. Weekly also filed a Supplement to his original Motion (ECF No. 1311). The Court has considered the entire record and the matter is ready for decision.

**1. Procedural Background**:

Weekly was arrested on October 18, 2011, on a warrant issued following an Indictment (ECF No. 1) which charged him with conspiracy to distribute cocaine base and actual distribution of cocaine base. On October 19, 2011, Weekly made his initial appearance before the undersigned. At the initial appearance, Mr. Barry Neal was appointed to represent Weekly. ECF No. 167.

Weekly was one of some 65 defendants charged in the indictment. He was named

---

[1] The docket numbers for all filings in this case are referred to herein by the designation "ECF. No. ___"

specifically in Count One, conspiracy to distribute cocaine base. He was also named in four substantive counts of distribution of cocaine base on various dates (Counts 28, 56, 109, and 115). Finally, he was charged in Count 49 with distribution of cocaine base near a school. At his initial appearance he entered a plea of not guilty to all counts.

On March 2, 2012, Weekly appeared with counsel, before United States District Judge Susan O. Hickey, and changed his plea to guilty as to Count 49. ECF No. 610. The parties entered a plea agreement (ECF No. 611) which provided, in part, as follows:

> Weekly would plead guilty to Count 49, charging him with distribution of cocaine base within 1,000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The Government would dismiss all remaining counts at sentencing. ECF No. 611 ¶ 1.
>
> Weekly should be held accountable for at least 28 grams but less than 112 grams of cocaine base equating to a gross base offense level of 26. ECF No. 611 ¶ 11.
>
> Weekly faced a minimum term of imprisonment of 1 year and a maximum term of imprisonment of 40 years. ECF No. 611 ¶ 12.
>
> Weekly agreed to a set of facts supporting his plea of guilty to Count 49. ECF No. 611 ¶ 2.
>
> Weekly was advise of his constitutional and statutory rights and agreed to waive those rights. ECF No. 611 ¶ 4-5.
>
> Weekly agreed to waive his right to appeal or seek post-conviction relief, except the right to appeal a sentence in excess of the statutory maximum or claims of ineffective assistance of counsel which challenged the validity of his guilty plea. ECF No. 611 ¶ 8.
>
> Weekly acknowledged he was promised no specific sentence. ECF No. 611 ¶ 17.
>
> The Government retained the right to offer evidence of all relevant conduct at sentencing. ECF No. 611 ¶ 18.

Following his plea of guilty to Count 49, Judge Hickey directed a Pre-sentence Report ("PSR") be

prepared by the United States Probation Office. Thereafter, United States Probation Office prepared a PSR. ECF No. 958 (filed under seal). Pursuant to the United States Sentencing Guidelines (hereinafter USSG) the PSR assessed a base offense level 27 based on relevant conduct of 45.9735 grams of cocaine base and the fact the transaction at issue in the count of conviction occurred near a public school. ECF No. 658 ¶ 12-13. Weekly also received an enhanced sentence because of his prior felony convictions for either crimes of violence or drug trafficking (ECF No. 658 ¶ 19) which raised his base offense level to 34. The PSR found a three-level reduction for his acceptance of responsibility. ECF No. 658 ¶ 20-22. His criminal history category was determined to be a VI. ECF No. 658 ¶ 60-63. The resulting USSG advisory guideline range was 188-235 months imprisonment. ECF No. 658 ¶ 100. Weekly, through counsel, made four objections to the PSR.

A sentencing hearing was held on November 1, 2012. ECF No. 995. Weekly's counsel withdrew the objections he had made to the PSR. ECF No. 995 p. 8. Those objections dealt the PSR's determination of Weekly's criminal history. Judge Hickey indicated the withdrawal of the objections was appropriate as they had no basis in law. ECF No. 995 p. 8. The Government moved for a three-level reduction in the total offense score based on Weekly's substantial assistance, which Judge Hickey granted. ECF No. 995 p. 11-12. The resulting guideline sentence range was 140-175 months imprisonment. The Court thereafter sentenced Weekly to 140 months imprisonment. ECF No. 995 ¶ 15-16. A judgment was entered on November 5, 2012. ECF No. 967.

On November 9, 2012, Weekly filed a *pro se* notice of appeal. ECF No. 971. However, on December 7, 2012, he moved to dismiss the appeal and the United States Court of Appeals for the Eighth Circuit granted the motion, dismissing the appeal on December 14, 2012. ECF No. 1008.

2. **Instant Petition**:

Weekly filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on October 29, 2013. ECF No. 1275. Weekly there after filed a supplemental Motion. ECF No. 1311. In his Motion[2], Weekly asserts his trial counsel was ineffective in the following particulars:

    a. Counsel failed to object to improper statutory sentence range.

    b. Counsel improperly withdrew his objections to the PSR prior to sentencing.

    c. Counsel improperly advised Weekly regarding his plea of guilty to Count 49, a conspiracy count involving more than 280 grams of cocaine base, a crime he was not guilty of.

    d. Counsel failed to object to the Court's USSG calculation which "improperly aggregated amounts of cocaine base" involved in the dismissed counts.

Finally, Weekly states "Petitioner is not contesting his guilty plea." ECF No. 1275-1 p. 4. For the reasons stated below, the Motion should be denied.

3. **Discussion**:

A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

In this case, all of Weekly's claims assert ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a movant must establish the familiar "prongs" set out in *Strickland v. Washington*, 467 U.S. 1267 (1984), namely that (1) his "trial counsel's

---

[2]The Court will refer to the Motion and Supplemental Motion collectively as the "Motion."

performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir.1996). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland,* 466 U.S. at 689). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

In testing the first element of an ineffective assistance of counsel claim, counsel's alleged deficient performance, when a defendant complains that counsel failed to challenge the state's case, "The failure to oppose the prosecution's case must involve the entire proceeding, not just isolated portions." *White*, 341 F.3d at 678. Except in instances where a defendant can show a failure of such magnitude there is typically no basis for finding a denial of effective counsel unless he can show specific errors that "undermined the reliability of the finding of guilt. . ." *Id*. If the Court finds deficient counsel and thus considers the element of prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir.2005).

Further, the Court need not address the first prong of *Strickland* if it clear there has been no prejudice to the movant. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir.2000). If it is

easier to dispose of an ineffectiveness claim for lack of sufficient prejudice, the court should do so. *See Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir.2003). In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness. *See Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012).

Here, Weekly does not contest his guilt.[3] Rather, he asserts his sentence was improperly determined because of his trial counsel's failures during the change of plea and sentencing proceedings.

**a. Failure to object to improper statutory sentence range**:

Weekly's first claim for relief is that his trial counsel failed to object to the Court's "plain error" in not applying the proper statutory sentencing provisions in his case. He claims his counsel was unaware of the proper statutory sentence range, which led to an improper sentence. A review of the facts of this case show otherwise.

Weekly pled guilty to Count 49, the distribution of 11.1500 grams of cocaine base within 1,000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The date of the alleged offense was January 27, 2011. Prior to August 3, 2010, a defendant who pled guilty to distribution of more than 5 grams of cocaine base faced a sentence of from 5 to 40 years imprisonment. *See* Pub.L.No. 111--220, 124 Stat. 2372 (2010), codified at 21 U.S.C. § 841(b)(1)(B)(iii). Following enactment of the Fair Sentencing Act (hereinafter FSA), the amount of cocaine base necessary to trigger that statutory range was raised from 5 grams to 28 grams. For

---

[3] While he couches one claim in terms of being not guilty of the offense charged, it is clear Weekly is attacking the sentence set in this matter not his actual guilt of the crime of distribution of cocaine base.

an offense involving less than 28 grams the statutory range of punishment became up to twenty (20) years imprisonment with no mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(C). If a defendant is sentenced pursuant to 21 U.S.C. § 860(a) however, the sentences are doubled and subject to a mandatory minimum one (1) year imprisonment.

Weekly claims his counsel failed to object to an improper statutory sentence range at sentencing. His claim appears to be that he was sentenced under pre-FSA statutory ranges. Weekly pled guilty to Count 49, which stated:

> On or about January 27, 2011, . . . ALVIN WEEKLY did knowingly distribute 11.1500 grams of a mixture or substance containing cocaine base, commonly known as "crack cocaine", . . . within in 1000 feet of the real property comprising North Heights Junior High School, a public school, in violation of Title 21 U.S.C. 841(a)(1) and 860(a).

ECF No. 1, p. 17-18. Further, in the admission of facts in support of his guilty plea the following statement is found: "Weekly also instructed the CI to meet him on Woodlawn Drive in Texarkana, Arkansas, which is within 1000 feet of the real property comprising North Heights Junior High School, a public school. . . .Weekly then sold 11.1500 grams of cocaine to the CI for $600." ECF No. 611 ¶ 2. Pursuant to the FSA, Weekly was thus subjected to a sentence of not less than one (1) year nor more than forty (40) years. The Plea Agreement stated precisely that range of punishment. ECF No. 611 ¶ 12. Judge Hickey, at the sentencing hearing, correctly stated this as the range of punishment applicable to Weekly. ECF No. 995 p. 6 and 11. The Court applied the statutorily correct sentencing range, pursuant to the FSA and sentenced Weekly within that statutory range. Accordingly, counsel's performance in this regard did not fall below an "objective standard of reasonable competence" and did not "prejudice his defense." This claim should be denied.

Further, even had the sentence range been the one proffered by Weekly, not more than twenty (20) years imprisonment, he was sentenced to slightly more than eleven (11) years, well within that range.

**b. Withdrawal of objections to the PSR prior to sentencing**:

Weekly asserts his counsel improperly withdrew three objections to the PSR prior to sentencing. These three objections all dealt with Weekly's prior criminal convictions. Two of the three objections related to multiple prior convictions which were imposed on the same day. In one instance, three prior sentences were imposed on one day and Weekly claims these should have been counted as one sentence under the USSG. Another objection was similar, Weekly claimed that two prior convictions, counted for career offender purposes, were imposed on the same day and should have been counted as one conviction. A third objection dealt with a prior sentence for possession of marijuana which was more than ten (10) years old. Weekly claimed this conviction was to old to be counted for criminal history calculation purposes.

These assertions are incorrect. Pursuant to USSG § 4A1.2(a)(2), "prior sentences imposed in related cases are to be treated as one sentence." To determine whether prior sentences are related, "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." USSG § 4A1.2, cmt. n. 3. Furthermore, "a single common scheme or plan involves something more than simply a repeated pattern of conduct." *United States v. Maza*, 93 F.3d 1390, 1400 (8th Cir.1996) (internal quotations omitted). As noted in the PSR's response to Weekly's objections, the prior sentences imposed on the same day in his case clearly were not part of a

common scheme or plan, nor were they consolidated for purposes of trial or sentencing. Further, all of the three instances of conduct which led to the prior convictions at issue were separated by intervening arrests.

The other objection, the use of a conviction older than ten (10) years in making the criminal history calculation, simply had no basis as the instant conduct occurred on January 27, 2011, and the prior conviction occurred on February 13, 2001. This conviction for possession of marijuana was within ten (10) years of the instant offense.

The United States Probation Office reviewed these objections and filed an Addendum to the PSR, which correctly analyzed the law applicable to in each situation. Upon review of the PSR and the addendum, Weekly's counsel informed the Court the objections had no basis in law and he withdrew them. He was correct to do so. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009)("It is not ineffective assistance of counsel to withdraw objections that have no support in the law."). This action by trial counsel was not unreasonable and this claim should be denied.

**c. Counsel improperly advised Weekly regarding his plea of guilty to Count 49, a conspiracy count involving more than 280 grams of cocaine base, a crime he was not guilty of nor properly indicted:**

Weekly next contends he was allowed by counsel to plead guilty to a crime for which he was not in fact guilty. Weekly pled guilt to Count 49 of the Indictment. He was indicted in Count 49 as follows:

> On or about January 27, 2011, . . . ALVIN WEEKLY did knowingly distribute 11.1500 grams of a mixture or substance containing cocaine base, commonly known as "crack cocaine", . . . within in 1000 feet of the real property comprising North Heights Junior High School, a public school, in violation of Title 21 U.S.C.

841(a)(1) and 860(a).

Weekly appears to argue he was not guilty of conspiracy, as charged in Count 1 of the Indictment. However, a reading of the count of conviction, selling crack cocaine within 1000 feet of a public school, shows it contained all of the required elements of that crime. Further, the statement of facts supporting his guilty plea to Count 49, agreed to by Weekly at the change of plea, clearly show he pled guilty to the elements of the crime charged in Count 49. Weekly now asserts the crime did not occur within 1000 feet of North Heights Junior High School. However, his "representations during the plea-taking carry a strong presumption of verity and pose a substantial barrier to any subsequent collateral proceeding" including a Section 2255 motion. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

Here, the record of the change of plea proceeding shows Weekly was informed of the charge to which he was pleading guilty. He signed a written plea agreement acknowledging that charge was advised he was pleading guilty to selling cocaine base within 1000 feet of a public school. He admitted in writing and on the record all of the elements of the crime charged. He can not now simply say there was no school within 1000 feet of the incident and obtain collateral relief. Counsel was not deficient in advising him of the consequences of pleading guilty to Count 49. Finally, I note again, Weekly states in this Motion, "Petitioner is not contesting his guilty plea." ECF No. 1275-1, p. 4. This claim should be denied.

**d. Counsel failed to object to the Court's USSG calculation which "improperly aggregated amounts of cocaine base" involved in the dismissed counts.**

Finally, Weekly claims his trial counsel failed to properly object to the Court's determination

of what drug amount was attributable to him for sentencing purposes. Weekly stipulated in the plea agreement the amount of cocaine base for which he could be held accountable was "at least 28 grams but less than 112 grams." ECF No. 611 ¶¶ 11. He also stipulated the proper base offense level for USSG purposes was 26. ECF No. 611 ¶¶ 11 and 18. The Court in making its drug quantity calculation relied only on the drug analysis reports regarding substances distributed by Weekly. Counsel did not act unreasonably in failing to object based on this record.

Finally, Weekly's ultimate sentence was based not on drug quantity but rather on the fact he was determined to be a career offender. Thus there is no prejudice here. This claim should be denied.

Weekly has failed to demonstrate his trial counsel's performance fell below an objective standard of reasonable competence in regards any of the claims raised. His Motion should be denied.

Based on the record in this case, which conclusively shows that Weekly is not entitled to the relief he seeks, I conclude an evidentiary hearing is not required in this matter.[4]

**4. <u>Recommendation</u>**:

Accordingly, based on the foregoing, it is recommended the instant Motion be **DENIED**. Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from the denial recommended herein would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[4] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

　　　　**DATED this 11th day of July 2014.**


　　　　　　　　　　　　　　　　　　　　 /s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE