IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                          RESPONDENT

v.                                       Case No. 4:11-cr-40037-020

ALVIN WEEKLY                                                                           MOVANT

### ORDER

Before the Court is the Report and Recommendation filed July 11, 2014 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 1336). Judge Bryant recommends that Defendant's Motion to Vacate, Set Aside, or Correct Sentence be denied. Weekly has filed objections to the Report and Recommendation (ECF No. 1339) and a Supplement to his Objections (ECF No. 1341). The Court finds this matter ripe for its consideration.

On September 14, 2011, Weekly was one of 66 defendants named in an indictment in this case. (ECF No. 1). On March 2, 2012, Weekly appeared before this Court and pled guilty to Count 49 of the Indictment. Weekly was thereafter sentenced to 140 months imprisonment. (ECF No. 995). Weekly filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that his trial counsel was ineffective. (ECF No. 1275). Weekly makes the following arguments in his objections: (1) his maximum penalty was incorrectly calculated; (2) his counsel was ineffective for failing to advise him of certain rights and he was thus denied due process; and (3) his counsel gave ineffective advice to sign a plea agreement that contained incorrect information. Supplementing his objections, Weekly additionally argues that his counsel was ineffective for "advising petitioner to plea to count 49 of the indictment that was a product of duplicity" causing him to be subject to a one-point enhancement, and the Court violated the double jeopardy clause.

His first argument is that the Report and Recommendation contains an incorrect calculation of Weekly's appropriate penalty. Specifically, he argues that the maximum penalty for 21 U.S.C. § 860(a) should not be doubled for a first time offender. However, the language of 21 U.S.C. § 860(a) clearly states that a person who distributes or possess with intent to distribute a controlled substance within one thousand feet of a public school is subject to "twice the maximum punishment authorized by section 841(b) of this title." This language does not differentiate between first-time and repeat offenders. Therefore, Weekly's objection on this point should be overruled.

Next, Weekly contends that his trial counsel was ineffective for failing to properly advise him of the Indictment or that he had the right to challenge the sufficiency of the Indictment. He asserts that, had he known of his opportunity to move to suppress evidence or challenge the sufficiency of the Indictment, there would not have been enough evidence contained within the Indictment to support his plea. Weekly's "representations during the plea-taking carry a strong presumption of verity and pose a substantial barrier to any subsequent collateral proceeding." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). During his change of plea, Weekly was informed of the charge in the Indictment and that he was pleading guilty to all of the elements in th crime charged, including the fact that the crime occurred within 1000 feet of a school. He has not shown that his counsel's advice failed to meet the requirements of *Strickland*. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Weekly next contends that his counsel was ineffective for allowing him to sign an ambiguous plea agreement. Weekly has not demonstrated how the agreement was ambiguous. He was informed of the terms of the agreement before this Court during his change of plea hearing. He has not shown that his counsel's actions in advising him to sign the agreement amounted to ineffective assistance.

Weekly made additional arguments in his supplement to his objections. (ECF No. 1341). These objections were filed beyond the deadline set to object to the Report and Recommendations.

Nonetheless, the Court has considered the objections and finds that they are without merit.  He has not shown how any factual findings or legal recommendations made in the Report and Recommendation were duplicative or violated his constitutional rights under the Fifth Amendment.

Accordingly, Weekly's objections to the Report and Recommendation are overruled.  The Court adopts the Report and Recommendation *in toto*.  Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1275) is hereby **DENIED**.  An appeal from the denial of this Motion would not be taken in good faith pursuant to 28 U.S.C. § 1915(a).

**IT IS SO ORDERED**, this 30th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge