IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                             RESPONDENT

vs.                                          Criminal No. 4:11-cr-40037-20
                                             Civil No. 4:13-cv-04102

ALVIN WEEKLY                                                                              MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Alvin Weekly ("Weekly") who is proceeding *pro se*. On November 30, 2017, Weekly filed a Petition for Relief of Sentence Pursuant to Rule 60(b) to Correct the Procedural Defect and Ineffective Assistance of Counsel and Unlawful Enhancement in Light of Supreme Court Ruling of Buck v. Davis. ECF No. 1820. After being directed to respond, the Government filed a response to this Motion. ECF No. 1858.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.      Procedural Background**:[1]

On July 11, 2014, this Court entered a Report and Recommendation regarding Weekly's first § 2255 Motion. ECF No. 1336. In that Report and Recommendation, the Court summarized the procedural background of Weekly's case, and the Court will not restate it here. *Id.*

After that Report and Recommendation was entered, Weekly then filed a Motion for a

---

[1]The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter.

Certificate of Appealability. ECF No. 1527. That Motion was denied. *Id.* Despite not obtaining a certificate of appealability, Weekly still filed an appeal. ECF No. 1646. This appeal was denied. ECF No. 1646.

On December 15, 2015, Weekly filed his Petition with the United States Court of Appeals for the Eighth Circuit seeking permission to file a second or successive motion pursuant to § 2255. ECF No. 1676. The Eighth Circuit denied this request on March 23, 2016. ECF No. 1677.

Weekly then filed a second application to file a successive § 2255 Motion with the Eighth Circuit on June 7, 2016. ECF No. 1717. The Eighth Circuit entered a mandate denying that request on March 30, 2017. ECF No. 1782.

Now, Weekly has filed a Petition for Relief of Sentence Pursuant to Rule 60(b). ECF No. 1820. With this Petition, Weekly specifically claims this Motion is "not to be construed" as a § 2255 Motion. *Id.* After Weekly filed this Petition, the Court directed the Government to respond and specifically address whether this Petition should be construed as a successive motion pursuant to § 2255, whether this Petition is timely, and whether *Buck v. Davis*, 137 S.Ct. 759 (2017) has any application to this case. ECF No. 1840. On March 29, 2018, the Government responded to this Motion as directed and argues this Petition should be denied in its entirety. ECF No. 1858. The Court finds this Motion is now ripe for consideration.

**2.      Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be re-litigated

on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Furthermore, any second or successive motion pursuant to § 2255 must be certified by the appropriate Court of Appeals, prior to filing in District Court. 28 U.S.C. § 2255(h). A second or successive § 2255 motion must be certified pursuant to 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

**3.    Discussion**:

As noted, Weekly has previously filed a motion pursuant to § 2255, accordingly, the current Petition before the Court is either a successive § 2255 Motion or a Rule 60(b) Motion. The Court will address both instances.

**A.    Successive § 2255 Motion**

Although Weekly does not style his Petition as a § 2255 Motion, the relief Weekly seeks is "to correct the procedural defect and ineffective assistance of counsel and unlawful enhancement." ECF No. 1820. These claims are clearly an attempt to vacate, set aside or modify his criminal sentence. They fall squarely within the reach of § 2255. Further, at least as far as a claim of

ineffective assistance of counsel is concerned, the remedy sought is for a violation of his "constitutional rights." *See Apfel,* 97 F.3d at 1076. Thus, this Petition should be treated as a § 2255 motion.

As a § 2255 motion, the instant Motion is clearly barred as a successive motion. Pursuant to § 2255 (h) Weekly was required to seek leave of the Eighth Circuit prior to filing this Petition. Here, Weekly did not seek leave. Indeed, his prior attempts at seeking leave to file a successive § 2255 Motion were denied. ECF No. 1677 and 1782. Because Weekly has not obtained permission from the Eighth Circuit to file this successive Motion, it is barred.

### B.     Rule 60(b) Motion

Weekly styled his Motion a Rule 60(b) motion for relief from judgment. ECF No. 1820. Such a motion is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As a civil motion, this rule has no application to a criminal proceeding. *See United States v. Camacho-Bordes,* 94 F.3d 1168, 1171 n.2 (8th Cir. 1996) (recognizing "Rule 60(b) is inapplicable" in criminal proceedings). Thus, if this Petition were construed to be a Rule 60(b) motion attacking the underlying criminal case, it should be denied.

However, Weekly asserts that he is attacking defects in or the integrity of his prior federal §2255 proceeding. ECF No. 1820, p. 3. The defect in the prior § 2255 proceeding, according to Weekly, was misleading information about the location of his underlying criminal conduct and ineffective assistance of counsel at his sentencing. ECF No. 1820, p. 3-4.

The United States Supreme Court has decided that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in *habeas corpus* proceedings only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 531

(2005).  The procedural requirements for second or successive *habeas* petitions apply to motions for relief from a judgment filed under Federal Rule of Civil Procedure 60(b).  *See id.* at 529.  A movant, in the context of a relief from a judgement denying a § 2255 motion must show "extraordinary circumstances" in order obtain relief pursuant to Rule 60(b).  *Id.* at 535.

Assuming the instant Rule 60(b) Motion is an attack on the Court's prior ruling regarding Weekly's original § 2255 motion, it is still unavailing.  Weekly cites *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759 (2017) to support his assertion that Rule 60(b) gives the Court jurisdiction to reopen his case in extraordinary circumstances to challenge the defects in the prior *habeas* proceeding.  A reading of *Buck* reveals it offers no relief to Weekly.  The Supreme Court in *Buck* held that the fact the defendant "may have been sentenced to death because of his race" was an "extraordinary circumstance" that warranted relief pursuant to Rule 60(b).  *See* 137 S.Ct. at 778.  In this case there is no  "the risk of injustice to the parties," "the risk of undermining the public's confidence in the judicial process" or other factor  which would justify a finding of "extraordinary circumstance" to allow application of Rule 60(b) to the instant Motion.

Accordingly, *Buck* does not make Weekly's Motion here one attacking the judgment entered in the prior § 2255 proceeding in this case.  Rather, he again attacks his underlying conviction and sentence.  This Motion, ostensibly pursuant to Rule 60(b), should be considered an uncertified successive motion and denied.

**4.** **Conclusion**:

As outlined above, Weekly's Petition is barred as either a successive § 2255 Motion or as an improperly-filed Rule 60(b) Motion.

**5.     Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Petition (ECF No. 1820) be **DENIED** and dismissed with prejudice.  The Court further recommends no Certificate of Appealability be issued in this matter.  Likewise, the Court finds no evidentiary hearing is required on this Petition.  *See Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984) ("A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **15th day of May 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE