IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                 RESPONDENT

v.                              Case No. 1:11-cr-40037-20

ALVIN WEEKLY                                                                                   PETITIONER

## ORDER

Before the Court is the Report and Recommendation filed May 15, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 1868). Judge Bryant recommends that the Court deny Petitioner Alvin Weekly's Petition for Relief of Sentence Pursuant to Rule 60(b). (ECF No. 1820). Petitioner has filed objections. (ECF No. 1873). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On September 14, 2011, Petitioner was named in 6 counts of a 190 count Indictment filed in the United States District Court for the Western District of Arkansas. The Indictment charged Petitioner with one count of conspiracy to distribute cocaine base, four counts of distribution of cocaine base, and one count of distribution of cocaine base within 1,000 feet of a public school. On March 2, 2012, pursuant to a written plea agreement, Petitioner entered a plea of guilty to the charge of distribution of cocaine base within 1,000 feet of a public school. On November 1, 2012, the Court sentenced Petitioner to 140 months of imprisonment; 6 years of supervised release; and a $100 special assessment. (ECF No. 967). The Court also dismissed the remaining counts against Petitioner. On November 9, 2012, Petitioner filed a timely notice of appeal. (ECF No. 971). On December 7, 2012, Petitioner filed a motion to dismiss his appeal, and on December 14, 2012, the Eighth Circuit entered a mandate granting the same.

On October 9, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1275). While maintaining that he was not contesting his guilty plea, Petitioner's section 2255 motion sought to vacate his sentence on four grounds of ineffective assistance of counsel.[1] On July 11, 2014, Judge Bryant issued a Report and Recommendation, recommending denial of Petitioner's section 2255 motion. On April 30, 2015, the Court adopted Judge Bryant's Report and Recommendation and denied Petitioner's section 2255 motion. (ECF No. 1518). Petitioner appealed, and on October 28, 2015, the Eighth Circuit dismissed Petitioner's appeal. (ECF No. 1646).

On June 7, 2016, Petitioner filed an application seeking the Eighth Circuit's leave to file a second or successive section 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). On March 30, 2017, the Eighth Circuit denied the application.

On November 30, 2017, Petitioner filed a motion to correct sentence under Rule 60(b). Petitioner argues that, pursuant to *Buck v. Davis*, 137 S. Ct. 759 (2017), Rule 60(b) gives the Court jurisdiction to reopen cases in extraordinary circumstances to challenge procedural defects in a prior *habeas* proceeding. Petitioner argues that new information exists in the form of a Google Maps printout, showing that he did not commit the offense of distributing cocaine base within 1,000 feet of a public school. Petitioner contends that procedural defects occurred during his sentencing because the street that the written plea agreement and the presentence report stated Petitioner dealt cocaine base on was not 1,000 feet from a public school, and thus the Court based his sentence on inaccurate information. Petitioner concludes by asking the Court to vacate his sentence and grant him an evidentiary hearing so that he may present evidence that he is actually innocent of the crime of distributing cocaine base within 1,000 feet of a public school.

---

[1] One of these grounds was that Petitioner's counsel was ineffective for advising him to plead guilty to the count of distributing cocaine base within 1,000 feet of a public school because counsel failed to investigate and determine that Woodlawn Street, the location where Petitioner was charged to have distributed cocaine base, is not within 1,000 feet of a school.

On March 29, 2018, the government filed a response to the Rule 60(b) motion. The government argues that, although the motion is styled as a Rule 60(b) motion, it is actually a second or successive section 2255 motion, and thus should be denied because Petitioner did not seek approval from the Eighth Circuit before filing the motion. The government also argues alternatively that Petitioner's reliance on Rule 60(b) is misplaced because Rule 60(b) cannot be used to attack an underlying criminal sentence.

On May 15, 2018, Judge Bryant issued the instant Report and Recommendation. (ECF No. 1868). Judge Bryant recommends that the Court deny Petitioner's Rule 60(b) motion. Specifically, Judge Bryant finds that the motion is a second or successive section 2255 motion because it seeks to vacate his criminal sentence. Accordingly, Judge Bryant reasons that Petitioner's motion is barred because he did not obtain leave from the Eighth Circuit prior to filing it. Judge Bryant finds alternatively that, even if the motion is construed as a Rule 60(b) motion, it nonetheless fails because: (1) Rule 60(b) does not apply to criminal cases and (2) because the facts of this case do not rise to the level of "extraordinary circumstances" contemplated by *Buck v. Davis* to warrant reopening this case and granting Petitioner relief from judgment. Judge Bryant concludes by recommending that the Court deny Petitioner's motion and that no certificate of appealability should be issued.

On May 29, 2018, Petitioner filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections.

## II. DISCUSSION

Petitioner objects to Judge Bryant's finding that Rule 60(b) does not apply to criminal cases and that the facts of this case do not rise to the "extraordinary circumstances" contemplated by *Buck v. Davis* to warrant reopening this case and granting Petitioner relief from judgment.

3

The Court notes that Petitioner does not object to Judge Bryant's finding that the Rule 60(b) motion is a second or successive section 2255 motion. The Court agrees with Judge Bryant that Petitioner's motion is a second or successive section 2255 motion.

A "second or successive" section 2255 motion may not be filed absent certification by the Eighth Circuit, thereby authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(a); 28 U.S.C. § 2255(h). An inmate may not bypass this requirement by purporting to invoke some other procedure, such as a Rule 60(b) motion. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). A Rule 60(b) motion is not treated as a second or successive section 2255 motion if it does not raise a merits challenge to the resolution of a claim in a prior section 2255 proceeding, but instead attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Croxby*, 545 U.S. 524, 532-33 (2005).

Petitioner's motion explicitly asks the Court to vacate his sentence on the basis that he did not distribute cocaine base within 1,000 feet of a public school. Petitioner already raised this argument in his section 2255 motion on October 9, 2013, and the Court denied the same on April 30, 2015. In sum, Petitioner invokes Rule 60(b) to present new evidence and revisit his previous attack on the validity of his sentence.[2] This is a collateral attack on his conviction and sentence, something that should be brought in a section 2255 petition. Petitioner did not obtain leave from the Eighth Circuit prior to filing his motion, and thus, the motion is barred. *See Boyd*, 304 F.3d at 814.

Even assuming *arguendo* that Petitioner's motion is not a second or successive section 2255 motion, Rule 60(b) does not provide the relief that Petitioner ultimately seeks, which is for the Court

---

[2] The Court notes that Petitioner's October 9, 2013, motion to vacate under section 2255 also attached a Google Map printout in support of his argument that the street he was charged with distributing cocaine base on was not within 1,000 feet of a school. That previous exhibit is not identical to the one Petitioner currently offers in support of his Rule 60(b) motion, but the fact remains that Petitioner has already submitted substantially similar evidence with his section 2255 motion, which the Court considered and denied on April 30, 2015, after adopting Judge Bryant's Report and Recommendation.

to vacate his sentence.[3] *See United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) ("It is well established that a Rule 60(b) motion may not be used to relieve a party from operation of a judgment of conviction or sentence in a criminal case."). For these reasons, it is unnecessary for the Court to address the Report and Recommendation's alternative findings regarding Rule 60(b), or Petitioner's objections thereto.

Judge Bryant also recommends that the Court decline to issue a certificate of appealability in this instance. Petitioner does not object to this recommendation, and the Court agrees with Judge Bryant. Therefore, the Court concludes that no certificate of appealability should be issued.

### III. CONCLUSION

For the above-discussed reasons and upon *de novo* review of the Report and Recommendation, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation. (ECF No. 1868). Petitioner's Petition for Relief of Sentence Pursuant to Rule 60(b) (ECF No. 1820) is hereby **DENIED**. The Court will not issue a certificate of appealability in this instance.

**IT IS SO ORDERED**, this 28th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] Moreover, the procedural errors that Petitioner alleged occurred during his sentencing do not implicate Rule 60(b), which allows a court to grant relief from judgment due to procedural errors in a federal *habeas* proceeding. *See Gonzalez*, 545 U.S. at 532-33. Petitioner only seeks to correct alleged procedural errors that occurred during his sentencing, not during a federal court's resolution of his subsequently filed *habeas* petition. Petitioner offers no authority allowing Rule 60(b) relief from a criminal sentence due to alleged procedural defects that occurred during an underlying sentencing hearing.