IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.                          Case No. 4:11-cr-40037-20

ALVIN WEEKLY                                                           PETITIONER

## ORDER

Before the Court is Petitioner Alvin Weekly's Petition of Certificate of Appealability. (ECF No. 1990). The Court finds that no response is necessary. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On November 1, 2012, the Court sentenced Petitioner to 140 months' imprisonment; 6 years' supervised release; and a $100 special assessment. (ECF No. 967). On October 9, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1275). On April 30, 2015, the Court adopted a Report and Recommendation and denied Petitioner's section 2255 motion. (ECF No. 1518).

On November 30, 2017, Petitioner filed a motion to correct his sentence under Rule 60(b). On June 27, 2018, the Court adopted a Report and Recommendation and denied Petitioner's Rule 60(b) motion as an improperly filed successive section 2255 motion. (ECF No. 1884). The Court's June 27, 2018 order also declined to issue a certificate of appealability. Petitioner did not file a notice of appeal within sixty days of the entry of the Court's June 27, 2018 order.

On September 26, 2018, Petitioner filed the instant "petition of certificate of appealability" with the Eighth Circuit.[1] (ECF No. 1990). Petitioner asks the Eighth Circuit to issue a certificate of appealability based on this Court's failure "to give proper notice to [Petitioner] that [his Rule 60(b)] motion was denied in order for [him] to adequately file an appeal." (ECF No. 1990). On October 10, 2018, the Eighth Circuit filed an order construing the petition as a motion to reopen the time for filing an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Accordingly, the Eighth Circuit remanded the case to this Court to determine whether the requirements of Rule 4(a)(6) have been met, advising that Petitioner's appeal would be held in abeyance until the Court issues a ruling on the instant motion.

## II. DISCUSSION

Generally, parties must file a notice of appeal within thirty days of entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). However, in cases where the United States is a party, parties have sixty days from the date of judgment to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). Additionally, there are certain exceptions to these time limits, including an exception that allows a party to move to reopen the time to file an appeal:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;[2]
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

---

[1] The petition was docketed in this case as a notice of appeal.

[2] Rule 77(d) provides that "immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1).

2

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (footnote added). Courts have discretion to reopen the time to file an appeal only if all three conditions are satisfied. *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994).

The Court finds that the second and third factors contemplated by Rule 4(a)(6) are satisfied. The order Petitioner seeks to appeal was entered by the Court on June 27, 2018. Petitioner filed the instant motion on September 26, 2018, well within 180 days of June 27, 2018. Moreover, the Court finds that no party would be prejudiced by reopening Petitioner's time to file an appeal. Accordingly, the only question before the Court is whether Petitioner received notice of the Court's June 27, 2018 order within twenty-one days of its entry.

Petitioner avers that he did not receive "proper notice" of the Court's June 27, 2018 order to allow him to file a timely notice of appeal. Clearly, Petitioner received notice of the order's entry at some point, given that he filed the instant motion. However, he does not specify when exactly he received the notice. This case's docket does not reflect that the Clerk of Court experienced any issues in sending notice to Petitioner, such as the mailing being returned as undeliverable or a change of address complicating service.

However, the Court recognizes the inherent difficulty Petitioner faces in attempting to establish that he did not receive timely notice. *See Elkins v. United States*, 364 U.S. 206, 218 (1960) ("[A]s a practical matter it is never easy to prove a negative."). "In cases involving lack of notice, there is often little a party can do except swear he or she did not receive the communication." *Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005). Although Petitioner's motion provides a less than optimal amount of detail, the Court will err on the side of caution and credit his assertion that he did not receive notice of the Court's June 27,

3

2018 order in time to file a timely notice of appeal. Accordingly, the Court finds that the first Rule 4(a)(6) factor is satisfied.

The Court has found that all three factors contemplated by Federal Rule of Appellate Procedure 4(a)(6) are satisfied. Therefore, the Court finds that it is appropriate to reopen this case for fourteen days to allow Petitioner to file a notice of appeal.

### III. CONCLUSION

For the above reasons, the Court finds that Petitioner's motion (ECF No. 1990) should be and hereby is **GRANTED**. The Court will, in its discretion, reopen this case for purposes of allowing Petitioner to file a notice of appeal. **Petitioner must file his notice of appeal within fourteen (14) days of the date of entry of this order.**

**IT IS SO ORDERED**, this 11th day of October 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge