IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                 RESPONDENT

vs.                                    Criminal No. 4:11-cr-40037-20
                                       Civil No. 4:19-cv-04140

ALVIN WEEKLY                                                                                  MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Movant Alvin Weekly's ("Weekly") Motion to Vacate under 28 U.S.C. § 2255 (2008). ECF No. 2093. Weekly filed this Motion *pro se* on October 24, 2019. Thereafter, on October 25, 2019, the Court appointed Bruce Eddy to represent Weekly. After he was appointed, Mr. Eddy filed a Supplement to Motion to Vacate. ECF No. 2096. The Government has responded to this Motion and this Supplement. ECF No. 2101. Both this Motion and the Supplement are currently before the Court and will be considered collectively as the "Motion."

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1.    **Procedural Background**:[1]

On July 11, 2014, this Court entered a Report and Recommendation as to Weekly's first 28 U.S.C. § 2255 Motion. ECF No. 1336. In that Report and Recommendation, the Court

---

[1] The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this case.

1

summarized the procedural background of Weekly's case, and the Court will not restate it here. *Id.*

After that Report and Recommendation was entered and adopted, Weekly then filed a Motion for a Certificate of Appealability. ECF No. 1527. That Motion was denied. *Id.* Despite not obtaining a certificate of appealability, Weekly still filed an appeal. ECF No. 1646. This appeal was denied. ECF No. 1646. Weekly then attempted to file a successive § 2255 Motion. ECF No. 1717. The United States Court of Appeals for the Eighth Circuit entered a mandate denying that request. ECF No. 1782.

Weekly filed a Petition for Relief of Sentence Pursuant to Rule 60(b). ECF No. 1820. With that Petition, Weekly specifically claims it is "not to be construed" as a § 2255 Motion. *Id.* On June 28, 2018, The Court denied that motion as a second or successive motion. ECF No. 1884. Weekly then sought a Certificate of Appealability with the Court, which was granted, and the Eighth Circuit again dismissed Weekly's appeal. ECF No. 2061. Weekly filed a petition for a writ of *certiorari,* which was denied on October 7, 2019. ECF No. 2100.

A little over two weeks later, on October 24, 2019, Weekly filed another Motion to Vacate under 28 U.S.C. § 2255. ECF No. 2093. This is the Motion currently before the Court. Although Weekly does not entitle this a "Motion to Vacate under 28 U.S.C. § 2255," the relief Weekly seeks is an interpretation of the residual clause of the controlled substance act, specifically, 21 U.S.C. §§ 841(a)(1) and 860(a). *Id.* Both the Government and Weekly's attorneys do not dispute that this Motion should be interpreted as a Motion pursuant to 28 U.S.C. § 2255. Thus, the Court will consider it at such.

After Weekly filed this Motion *pro se*, the Court appointed counsel, and his counsel filed a Supplement to Motion to Vacate. ECF No. 2096. In that Supplement, Weekly's counsel was

directed to address whether this 28 U.S.C. § 2255 Motion should be treated as "second or successive motion." *Id.* Weekly's counsel did address that issue and recognized this 28 U.S.C. § 2255 Motion should be considered a "second or successive motion" that this Court is without jurisdiction to consider. *Id.* On February 5, 2020, the Government responded to this Motion and agrees this 28 U.S.C. § 2255 Motion should be considered as a "second or successive motion." ECF No. 2101. This Motion is now ripe for consideration.

2. **Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Furthermore, Pursuant to Rule 22B of the Appellate Rules for the Eighth Circuit Court of Appeals, a movant seeking to file a "second or successive" motion under 28 U.S.C. § 2255 must *first* file an application for leave, with the Court of Appeals, prior to filing the "second or successive" motion.

3. **Discussion**:

Although Weekly does not style his Motion as a § 2255 Motion, the relief Weekly seeks is relief from his sentence and conviction. Neither Weekly's counsel nor the Government dispute

this Motion should be treated as a 28 U.S.C. § 2255 Motion. As such, under Rule 22 of the Appellate Rules for the Eighth Circuit Court of Appeals, Weekly was required to seek leave prior to filing this Motion. Here, Weekly did not seek leave. Thus, the Court is without jurisdiction to consider this 28 U.S.C. § 2255 Motion. *See* 28 U.S.C. § 2244(b)(3)(A). *See also Burton v. Stewart,* 549 U.S. 147, 153 (2007).

As a 28 U.S.C. § 2255 Motion, the only remedy available to Weekly is for this Court to transfer his 28 U.S.C. § 2255 Motion to the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 1631. Such a transfer, however, should only occur if the "interest of justice" require it. *Id.* Based upon Weekly's litigious nature and frequent and frivolous filings, the Court cannot find that the "interest of justice" demand a transfer. Indeed, Weekly has previously sought—and been denied—relief under 28 U.S.C. § 2255, both in this Court and in the Eighth Circuit Court of Appeals. Weekly must obtain leave from the Eighth Circuit prior to filing his 28 U.S.C. § 2255 Motion. Because he did not do so, the Court recommends this Motion be dismissed.

4.   **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 2093) be **DENIED** and dismissed with prejudice. The Court further recommends no Certificate of Appealability be issued in this matter. Likewise, the Court finds no evidentiary hearing is required on this Petition. *See Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984) ("A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

**Furthermore, Weekly's history of repeatedly filing frivolous motions and failure to follow the proper procedures prior to filing those motions also causes the Court to**

recommend Weekly be BARRED from any further filings WITHOUT leave and approval of the Court.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **30th day of March 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE