IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                  RESPONDENT

v.                                        Case No. 4:11-cr-40037-20

ALVIN WEEKLY                                                                                PETITIONER

### ORDER

Before the Court is the Report and Recommendation filed March 30, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 2123). Among other things, Judge Bryant recommends that the Court dismiss Petitioner Alvin Weekly's Motion to Vacate under 28 U.S.C. § 2255. Petitioner has filed objections. (ECF No. 2124). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On March 2, 2012, Petitioner pleaded guilty to one count of distribution of cocaine base within 1,000 feet of a public school, in violation of 21 U.S.C. § 841(a)(1) and 860(a). On November 5, 2012, the Court sentenced Petitioner to, *inter alia*, a 140-month term of imprisonment.

On October 29, 2013, Petitioner filed a *pro se* motion to vacate under 28 U.S.C. § 2255. The Court subsequently adopted a Report and Recommendation that Petitioner's motion be denied and declined to issue a certificate of appealability. Petitioner filed an appeal, which the Eighth Circuit dismissed on October 28, 2015. Since that time, Petitioner filed several other *pro se* motions that were either explicitly styled as section 2255 motions or that, despite being otherwise styled, sought to vacate his sentence. Each time, the Court dismissed the motions for being successive section 2255 motions filed without leave from the Eighth Circuit.

On October 24, 2019, Petitioner filed another *pro se* motion to vacate pursuant to section 2255. (ECF No. 2093). The Court appointed counsel to assist Petitioner with the motion, and counsel filed

a supplement that acknowledged that the motion was a successive section 2255 motion.  On March 30, 2020, Judge Bryant issued the instant Report and Recommendation.  Judge Bryant finds that Petitioner failed to obtain leave from the Eighth Circuit before filing his motion, and thus, the Court should dismiss the motion rather than transfer it to the Eighth Circuit.  Judge Bryant also recommends that the Court decline to issue a certificate of appealability.  Finally, Judge Bryant recommends, in light of Petitioner's frequent, frivolous past *pro se* filings, that the Court bar Petitioner from filing any further documents without first obtaining leave from the Court.  On April 13, 2020, Petitioner, through appointed counsel, filed timely objections to the Report and Recommendation.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  Recommendations that are not objected to are reviewed only for clear error.  *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

As discussed above, Petitioner's objections are timely.  Therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections.  Petitioner's sole objection is to Judge Bryant's recommendation that the Court decline to transfer this case to the Eighth Circuit for a determination of whether to grant him leave to file a successive section 2255 motion.

As Judge Bryant correctly stated, once a prisoner has filed one motion to vacate pursuant to 28 U.S.C. § 2255, he cannot subsequently file a second or successive motion to vacate without first seeking leave from the Eighth Circuit. 28 U.S.C. § 2255(h). This is true even where, like in this case, the motion is styled as something other than a motion to vacate but clearly seeks to vacate a sentence. *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (per curiam) (collecting cases).

There is no dispute that Petitioner previously filed a section 2255 motion, so he cannot bring his current motion unless he has first obtained leave from the Eighth Circuit. It is undisputed that he did not obtain leave from the Eighth Circuit before filing his motion to vacate. Thus, the Court lacks jurisdiction to consider Petitioner's motion and must either dismiss it, or, in the Court's discretion and in the interests of justice, transfer it to the Eighth Circuit. 28 U.S.C. § 1631; *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

As stated above, Judge Bryant recommends that Petitioner's history of frivolous filings warrants the Court dismissing his habeas motion rather than transferring it to the Eighth Circuit. Petitioner argues that his filing history should have no bearing on the present matter and that he has raised potentially meritorious claims that warrant an opportunity to be heard, so it is more appropriate for the Court to transfer his motion to the Eighth Circuit to determine whether to give him permission to file the motion.

After careful consideration, the Court agrees with Judge Bryant's recommendation of dismissal, albeit for different reasons. Petitioner's *pro se* motion argues that he was improperly sentenced as a career offender based on prior Arkansas convictions that he contends do not meet the definition of "controlled substance offence" under the United States Sentencing Guidelines because the offenses involved "delivery," which is broader than the terms "distribution" and "dispensing" used in the Guidelines. However, the supplement brief filed by Petitioner's appointed counsel appears to concede that the Eighth Circuit rejected this argument in *United States v. Merritt*, 934 F.3d 809 (8th Cir. 2019). In light of that concession, the Court finds that the interests of justice would not be served

by transferring Petitioner's motion to the Eighth Circuit for a determination of whether he should be allowed to file a habeas motion arguing an issue that has already been foreclosed. To be clear, though, nothing in this order precludes Petitioner from separately seeking permission from the Eighth Circuit to file a second or successive section 2255 motion.

In sum, the Court will not transfer the instant motion, but rather, will dismiss it without prejudice to refiling if, and when, Petitioner obtains permission from the Eighth Circuit to do so. The Court notes that Petitioner does not object to the remainder of Judge Bryant's recommendations.[1] Finding no clear error on the face of those recommendations, the Court will adopt them, as well.

### III. CONCLUSION

For the above-discussed reasons and upon *de novo* review of the Report and Recommendation, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation. (ECF No. 2123). Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 2093) is hereby **DISMISSED WITHOUT PREJUDICE**. No certificate of appealability shall issue.

The Clerk of Court is **DIRECTED** to docket no further documents from Petitioner in this case without prior approval from the Court. The Clerk shall inform the Court if documents are received from Petitioner in this case, and the Court will instruct the Clerk on whether to docket them. Until further order of this Court, the Clerk is directed to return to Petitioner any tendered documents in this matter that are not approved by the Court.

**IT IS SO ORDERED**, this 24th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] These include recommendations that no hearing is necessary to resolve Petitioner's motion, that no certificate of appealability should issue, and that Petitioner should be barred from filing further documents without first obtaining leave of the Court.